***DiFrancesco, Bateman, Coley, Yospin,***
  ***Kunzman, Davis, Lehrer & Flaum, P.C.***
Attorneys-at-Law
15 Mountain Boulevard
Warren, NJ 07059
(908) 757-7800
Attorneys for Plaintiff, Donald Farrar
Our File No.: P10885

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD FARRAR,<br><br>                            Plaintiff,<br><br>vs.<br><br>TOWNSHIP OF TEANECK, NEW JERSEY a municipal corporation of the State of New Jersey; TOWNSHIP OF TEANECK POLICE DEPARTMENT; OFFICER SPENCE OSAIGBOVO; OFFICER CRAIG LUEBECK; OFFICER KEVIN BRENNAN; OFFICER GLEN COLEY;OFFICER MICHAEL DANENZA; SERGEANT HARRY HARRISON; CHIEF ROBERT WILSON, in their official and individual capacities; Fictitious Designation, John Does (#1-25); Fictitious Designation, ABC Corps. (#1-25).<br><br>                            Defendants. | CIVIL ACTION NO.: 12-3096 (SRC)<br><br>**COMPLAINT AND<br>JURY TRIAL DEMAND** |

Plaintiff, Donald Farrar, residing in the Township of Teaneck, County of Bergen, State of New Jersey, by way of Complaint against all defendants, states as follows:

**PRELIMINARY STATEMENT**

This suit is filed in order to vindicate the rights of Plaintiff to engage in activity protected by the Fourth and Fourteenth Amendments to the Constitution of the United States of America without fear of reprisal and to seek economic redress for losses suffered by the Plaintiff at the hands of defendants.

1

A0706086

## JURISDICTION

1. This Court has jurisdiction over the dispute between the parties pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) (3) and (4) because Plaintiff's civil causes of action arise under the Constitution and laws of the United States, specifically 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

2. Plaintiff hereby invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear related state causes of action.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because this Court sits in the district where all of defendants reside and is also the district where the substantial part of the events or omissions in connection with Plaintiff's claims arose.

## PARTIES

4. Donald Farrar, is an individual and resides in the Township of Teaneck, County of Bergen, State of New Jersey.

5. Defendant, Township of Teaneck, New Jersey, is upon information and belief, a duly designated municipality of the State of New Jersey and organized under the laws of the State of New Jersey, located in the County of Bergen.

6. Defendant, the Township of Teaneck Police Department is, upon information and belief, a municipal department and/or agency of the government of Defendant, Township of Teaneck.

7. Defendants, Officer Spence Osaigbovo, (hereinafter "Officer Osaigbovo"), Officer Craig Luebeck, (hereinafter "Officer Luebeck"), Officer Kevin Brennan (hereinafter "Officer Brennan") and Officer Glen Coley (hereinafter "Officer Coley") were at all relevant times duly appointed and active police officers of the Township of Teaneck Police Department and were acting in such capacities as the agents, servants, and/or employees of Defendant, Township of Teaneck and were acting under color of law. Said defendants are being named herein in their official and individual capacities.

2

A0706086

8. Defendant, Sergeant Harry Harrison, (hereinafter "Sergeant Harrison") was at all relevant times a duly appointed and active police sergeant of the Township of Teaneck Police Department and was acting in such capacity as the agent, servant, and/or employee of Defendant, Township of Teaneck and was acting under color of law. Said defendant is being named herein in his individual and official capacity.

9. Defendant, Chief Robert Wilson, (hereinafter "Chief Wilson") was at all relevant times the duly appointed and active Chief of Police of the Township of Teaneck Police Department and was acting in such capacity as the agent, servant, and/or employee of Defendant, Township of Teaneck and was acting under color of law. Said defendant is being named herein in individual and official capacity.

10. At all relevant times, John Does 1-25, names of said individuals presently unknown and fictitious, were supervisors, agents, employees, servants or otherwise acting on behalf of and within the scope of their employment with the Township of Teaneck and/or the Township of Teaneck Police Department and acting under color of law.

11. ABC Corps. 1-25 are fictitious designations for one or more private or public entities and organizations whose identities are currently unknown.

12. At times referenced herein Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza and Sergeant Harrison shall be referred to collectively as "Defendants".

## FACTS COMMON TO ALL COUNTS

13. On or about May 25, 2010, Plaintiff was lawfully on the premises of St. Paul Lutheran Church (hereinafter the "Church") located at 61 Church Street, Township of Teaneck, County of Bergen, State of New Jersey.

14. At all relevant times, Plaintiff was an employee of the Church as a custodian and sexton and his job responsibilities included, but were not limited to, maintaining and repairing the Church facilities.

3

A0706086

15. On May 26, 2010 at approximately 1:00 a.m., Plaintiff was inside the Church cleaning the lounge area when he heard sounds coming from the parking lot. Plaintiff went to the door to see from where the sounds were coming and he noticed a police officer exiting a patrol car and approach him.

16. Plaintiff advised the police officer, later identified as Defendant Officer Osaigbovo, that nothing was wrong and that he was the custodian for the Church and was working a late shift.

17. Without warning or provocation, Defendant Officer Osaigbovo physically assaulted Plaintiff as Plaintiff attempted to explain his employment relationship with the Church and why was working at such a late hour. However, Defendant Officer Osaigbovo refused to listen to or acknowledge Plaintiff as he continued to forcibly and unlawfully assault Plaintiff.

18. The assault continued into the Church and Defendant Officer Osaigbovo proceeded to strike Plaintiff across the face and on the side of Plaintiff's head with his flashlight. Officer Osaigbovo tackled Plaintiff to the ground causing Plaintiff to hit the back of his head upon the floor and momentarily lose consciousness and sustain personal injuries to his mouth and teeth.

19. Thereafter, Defendant Officer Luebeck arrived and proceeded to repeatedly kick and assault Plaintiff while he was lying on the ground and under the control of Defendant Officer Osaigbovo.

20. Defendant Officer Osaigbovo and Defendant Officer Luebeck unjustifiably handcuffed and detained Plaintiff and dragged him out of the Church and to the patrol car.

21. While Plaintiff was secured in handcuffs, Defendant Officer Osaigbovo and Defendant Officer Luebeck leaned Plaintiff over the patrol car and continued to assault him. Plaintiff attempted to explain to the officers that he had his work identification in his pocket and that they could call a church representative to verify same. However, the officers refused to acknowledge him and continued to assault him.

4

22. Defendants, Sergeant Harrison, Officer Danenza and Officer Coley arrived on the scene. Plaintiff attempted to explain to these officers that he belonged on the property and worked for the Church. None of these defendants acknowledged Plaintiff's statements nor attempted to verify his identification. At no point was Plaintiff ever advised that he was under arrest or charged with any crime.

23. Plaintiff was advised that he was being taken to police headquarters. However, none of the officers advised Plaintiff that he was under arrest, why he was being taken into custody or what crimes he was alleged to have violated.

24. While at headquarters Defendants, Officer Osaigbovo, Officer Luebeck, Officer Danenza, Officer Coley, Sergeant Harrison, Officer Brennan and other unknown officers continuously refused Plaintiff's repeated attempts to make a telephone call.

25. While Plaintiff continued to wait in a holding cell, uninformed of his charges or reason for detention, he became dizzy and ill as a result of injuries sustained during the assault. Plaintiff was then transported to Holy Name Medical Center to treat for his injuries.

26. While at the hospital, the officers interceded and interfered with Plaintiff's interaction with the hospital staff.

27. When Plaintiff returned to police headquarters he was finally advised that he was being charged with resisting arrest and impeding an investigation.

## FIRST COUNT

**Claim For Violation Of Rights Against Being Subjected to Unreasonable Seizures As Protected By The Fourth and Fourteenth Amendment Of The U.S. Constitution Brought Pursuant to 42 U.S.C. §1983**

28. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 27 as if set forth at length herein.

29. At all relevant times, Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza and Sergeant Harrison were acting under color of law, as an agent, servant, and employee of Defendants, Township of Teaneck and the Teaneck

5

A0706086

Police Department, in connection with the incident described herein involving Plaintiff.

30. The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable seizures by the police.

31. As a result of Defendant Officers' aforementioned intentional acts and conduct, Plaintiff was subjected to a seizure as he was unable to leave and terminate the encounter between him and Defendant Officers. The intentional acts and conduct of Defendant Officers constituted a stop and/or arrest of Plaintiff amounting to an unlawful "seizure" within the meaning of the law.

32. All of the aforementioned acts or omissions of Defendant Officers were unnecessary and completely unreasonable under the circumstances, not justified according to law and deprived Plaintiff of his federally protected constitutional right to be free from unlawful seizures, false arrest, and false imprisonment.

33. As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Plaintiff was caused to suffer serious and permanent injuries, and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1- 25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

## SECOND COUNT

**Claim For Violation Of Rights Against Being Subjected to Excessive Force
As Protected By The Fourth and Fourteenth Amendment Of The U.S. Constitution
Brought Pursuant to 42 U.S.C. §1983**

34. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in

A0706086

Paragraphs 1 through 33 as if set forth at length herein.

35. At all relevant times, Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza and Sergeant Harrison were acting under color of law, as an agent, servant, and employee of Defendants, Township of Teaneck and the Teaneck Police Department, in connection with the incident described herein involving Plaintiff.

36. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested and/or stopped by the police.

37. The aforementioned acts and conduct of Defendants, Officer Osaigbovo and Officer Luebeck was unnecessary, unjustified and completely unreasonable under the circumstances. At all relevant times, Plaintiff was unarmed and posed absolutely no danger to the safety and welfare of Officer Osaigbovo and Officer Luebeck and all those around him.

38. All of the aforementioned acts or omissions of Defendants, Officer Osaigbovo and Officer Luebeck constitute excessive force within the meaning of the law.

39. All of the aforementioned acts or omissions of Defendants, Officer Osaigbovo and Officer Luebeck were unreasonable under the circumstances, not justified according to law and deprived Plaintiff of his federally protected constitutional right to be free from excessive force at the hands of the police.

40. As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Plaintiff was caused to suffer serious and permanent injuries, and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1-25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

A0706086

## THIRD COUNT

### Supervisor Liability For Violations of Civil Rights
### Pursuant to 42 U.S.C. §1983

41. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 40 as if set forth at length herein.

42. At all relevant times, Defendants Sergeant Harrison, Chief Wilson and John Does 1-25 were acting under color of law, as supervisors, agents, servants, employees or otherwise acting on behalf of and within the scope of their employment with Defendants, Township of Teaneck and the Teaneck Police Department.

43. Defendants, Sergeant Harrison, Chief Wilson and John Does 1-25 were the superiors and/or supervisors of Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley and Officer Danenza.

44. Additionally, Defendants Sergeant Harrison, Chief Wilson and John Does 1-25 were responsible for making government policy and for oversight of the functions and duties of their respective departments, divisions, bureaus and agencies engaged in providing general welfare services, including police protection.

45. Defendants Sergeant Harrison, Chief Wilson and John Does 1-25 directed Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley and Officer Danenza to undertake the aforementioned actions, and/or had knowledge of these officer's violations of Plaintiff's constitutional rights and acquiesced in that violation, and/or with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the aforementioned violations of Plaintiff's constitutional rights.

46. As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Plaintiff was caused to suffer serious and permanent injuries, and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants,

A0706086

Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1- 25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

## FOURTH COUNT

### Liability For Inadequate Training Causing Violations of Civil Rights Pursuant to 42 U.S.C. §1983

47.     Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 46 as if set forth at length herein.

48.     Defendants, Township of Teaneck, the Teaneck Police Department, Chief Wilson, John Does 1-25 and ABC Corps. 1-25 were responsible for making government policy and for oversight of the functions and duties of their respite departments, divisions, bureaus and agencies engaged in providing general welfare services, including police protection.

49.     These defendants failed to establish adequate training programs in order to properly train its police employees to carry out their official duties in effectuating lawful seizures of its citizens and applying reasonable degrees of force in connection with same.

50.     The failure on behalf of these defendants to adequately train its police employees amounted to deliberate indifference to the fact that inaction would obviously result in the violation of its citizens' Fourth Amendment Rights to be free from unlawful seizures and excessive force at the hands of the police.

51.     The failure on behalf of these defendants to adequately train its police employees including, but not limited to, Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, and Sergeant Harrison, proximately caused the violation of Plaintiff's Fourth Amendment Rights to be free from unlawful seizures and excessive force at the hands of the police.

A0706086

52. As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Plaintiff was caused to suffer serious and permanent injuries, and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1-25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

## FIFTH COUNT

### Liability For Inadequate Supervision Causing Violations of Civil Rights Pursuant to 42 U.S.C. §1983

53. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 52 as if set forth at length herein.

54. Defendants, Township of Teaneck, the Teaneck Police Department, Chief Wilson, John Does 1-25 and ABC Corps. 1-25 were responsible for making government policy and for oversight of the functions and duties of their respite departments, divisions, bureaus and agencies engaged in providing general welfare services, including police protection.

55. These defendants failed to adequately supervise its police employees in carrying out their official duties when effectuating lawful seizures of its citizens and applying reasonable degrees of force in connection with same.

56. These defendants knew or should have known that its police employees possessed certain dangerous and/or vindictive characteristics, tendencies and/or propensities which would require some amount of reasonable supervision over said employees.

57. The failure on behalf of these defendants to adequately supervise its police employees amounted to deliberate indifference to the fact that inaction would obviously result in

10

A0706086

the violation of Plaintiff's and other citizens' Fourth Amendment Rights to be free from unlawful seizures and excessive force at the hands of the police.

58. The failure on behalf of these defendants to adequately supervise its police employees including, but not limited to, Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, and Sergeant Harrison, proximately caused the violation of Plaintiff's Fourth Amendment Rights to be free from unlawful seizures and excessive force at the hands of the police.

59. As a direct and proximate result of the aforementioned violations of Plaintiff's civil and constitutional rights actionable under 42 U.S.C. § 1983, Plaintiff was caused to suffer serious and permanent injuries, and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1- 25 and ABC Corps. 1- 25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

## PENDENT STATE LAW CLAIMS

### SIXTH COUNT

**False Arrest/Imprisonment
In Violation Of New Jersey State Law**

60. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 59 as if set forth at length herein.

61. At all relevant times, Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza and Sergeant Harrison were acting as an agent, servant, and employee of Defendants, Township of Teaneck and the Teaneck Police

11

A0706086

Department, in connection with the incident described herein involving Plaintiff.

62. As a result of Defendant Officers' aforementioned intentional acts and conduct, Plaintiff was subjected to a seizure as he was unable to leave and terminate the encounter between him and Defendant Officers. The intentional acts and conduct of Defendant Officers constituted a stop and/or arrest of Plaintiff within the meaning of the law.

63. All of the aforementioned acts or omissions of Defendant Officers were unreasonable under the circumstances, not justified according to law and deprived Plaintiff of his constitutional rights under the laws of the State of New Jersey to be free from unlawful seizures, false arrest, and false imprisonment.

64. As a direct and proximate result of the aforementioned violations of Plaintiff's civil rights actionable under both Federal and State Constitutions, Plaintiff was caused to suffer serious and permanent injuries, including permanent loss of ability to function and permanent disfigurement for which medical treatment and expenses are in excess of $3,600 and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1- 25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

### SEVENTH COUNT

**Excessive Force
In Violation Of New Jersey State Law**

65. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 64 as if set forth at length herein.

66. At all relevant times, Defendants, Officer Osaigbovo, Officer Luebeck, Officer

A0706086

Brennan, Officer Coley, Officer Danenza and Sergeant Harrison were acting as an agent, servant, and employee of Defendants, Township of Teaneck and the Teaneck Police Department, in connection with the incident described herein involving Plaintiff.

67. All of the aforementioned acts or omissions of Defendant Officers constitute excessive force within the meaning of the law. At all relevant times, Plaintiff was unarmed and posed absolutely no danger to the safety and welfare of Defendant Officers and all those around him.

68. All of the aforementioned acts or omissions of Defendant Officers were unreasonable under the circumstances, not justified according to law and deprived Plaintiff of his federally and state protected constitutional right to be free from excessive force at the hands of the police.

69. As a direct and proximate result of the aforementioned violations of Plaintiff's civil rights actionable under both Federal and State Constitutions, Plaintiff was caused to suffer serious and permanent injuries, including permanent loss of ability to function and permanent disfigurement for which medical treatment and expenses are in excess of $3,600 and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1-25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

### EIGHTH COUNT

**Assault and Battery
In Violation Of New Jersey State Law**

70. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in

Paragraphs 1 through 69 as if set forth at length herein.

71. At all relevant times, Defendants, Officer Osaigbovo and Officer Luebeck were acting as an agent, servant, and employee of Defendants, Township of Teaneck and the Teaneck Police Department, in connection with the incident described herein involving Plaintiff.

72. As set forth above, without warning or provocation Defendants, Officer Osaigbovo and Officer Luebeck intentionally attempted to and did physically assault and kick Plaintiff about his face and body prior to and after placing Plaintiff in handcuffs. At the time of the assault, Plaintiff was unarmed and posed no danger to the officers.

73. All of the aforementioned forcible contact by Defendants, Officer Osaigbovo and Officer Luebeck with their attempts to touch and their actual touching of Plaintiff were without Plaintiff's consent.

74. All of the aforementioned acts or omissions of Defendants, Officer Osaigbovo and Officer Luebeck were made with an unlawful amount force and violence and constitute negligent or intentional assault.

75. As a direct and proximate result of the aforementioned conduct of Defendants, Officer Osaigbovo and Officer Luebeck Plaintiff was caused to suffer serious and permanent injuries, including permanent loss of ability to function and permanent disfigurement for which medical treatment and expenses are in excess of $3,600 and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1- 25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

A0706086

## NINTH COUNT

### Negligent Infliction Of Emotional Distress
### In Violation Of New Jersey State Law

76. Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 75 as if set forth at length herein.

77. At all relevant times, Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza and Sergeant Harrison were acting as an agent, servant, and employee of Defendants, Township of Teaneck and the Teaneck Police Department, in connection with the incident described herein involving Plaintiff.

78. The aforementioned acts of these Defendants were made with an unlawful amount force and violence and in a careless, reckless, and negligent manner completely unreasonable under the circumstances.

79. These Defendants knew or should have known that their actions would inflict emotional distress on Plaintiff.

80. As a direct and proximate result of the aforementioned conduct these Defendants, Plaintiff was caused to suffer severe, serious and permanent injuries, including permanent loss of ability to function and permanent disfigurement for which medical treatment and expenses are in excess of $3,600 and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1- 25 and ABC Corps. 1- 25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

A0706086

## TENTH COUNT

### Negligent Retention and Supervision
### In Violation Of New Jersey State Law

81.  Plaintiff, Donald Farrar, repeats and realleges the allegations contained in Paragraphs 1 through 80 as if set forth at length herein.

82.  At all relevant times, Defendants, Sergeant Harrison, Chief Wilson and John Does 1-25 while acting as the agents, servants, employees or otherwise on behalf of Defendants, Township of Teaneck and the Teaneck Police Department were charged by statutes, law, code, regulation, policy, procedure, or other authority to perform their functions and duties in a safe and reasonable manner and to act properly in furtherance of protecting and safeguarding its citizens, including Plaintiff.

83.  Defendants, Sergeant Harrison, Chief Wilson and John Does 1-25 owed a duty to exercise due and reasonable care in carrying out their functions and duties as assumed towards its citizens, including Plaintiff.

84.  At all relevant times, Defendants, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley and Officer Danenza possessed dangerous propensities to commit unlawful, violent acts of physical abuse while performing his duties as a law enforcement officer thereby creating an unreasonable risk of injury to the citizens he was sworn to protect.

85.  Defendants, Sergeant Harrison, Chief Wilson and John Does 1-25 knew or should have known of said officers' dangerous propensities and the risk of injury that he presented to Plaintiff as well as other citizens.

86.  Defendants, Sergeant Harrison, Chief Wilson and John Does 1-25 acted in a negligent, careless, reckless, or otherwise palpably unreasonable manner, breaching their duty of care owed to Plaintiff, by retaining said officers in their employment position despite such knowledge of their dangerous propensities and failed to adequately supervise them.

87.  As a direct and proximate result of the aforementioned conduct of these

A0706086

Defendants, Plaintiff was caused to suffer severe, serious and permanent injuries, including permanent loss of ability to function and permanent disfigurement for which medical treatment and expenses are in excess of $3,600 and has sustained other losses and damages.

WHEREFORE, Plaintiff, Donald Farrar, demands judgment against Defendants, Township of Teaneck, the Teaneck Police Department, Officer Osaigbovo, Officer Luebeck, Officer Brennan, Officer Coley, Officer Danenza, Sergeant Harrison, Chief Wilson, John Does 1-25 and ABC Corps. 1- 25 jointly and severally for compensatory damages, punitive damages, attorney's fees, interest, cost of suit, and such other and further relief as the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

DiFrancesco, Bateman, Coley, Yospin
Kunzman, Davis, Lehrer & Flaum, P.C.

By: _____
Paul R. Rizzo, Esq.
Attorneys for Plaintiff

Dated: MAY 23, 2012

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Paul R. Rizzo, Esq. as trial counsel in connection with the above-captioned matter.

DiFrancesco, Bateman, Coley, Yospin
Kunzman, Davis, Lehrer & Flaum, P.C.

By: _____
Paul R. Rizzo, Esq.
Attorneys for Plaintiff

Dated: MAY 23, 2012

17

A0706086

## CERTIFICATION OF COUNSEL

The undersigned hereby certifies that at the time of filing this Complaint, the matter in controversy is not the subject of any other action pending in any court and/or arbitration proceeding. The undersigned is unaware of any non-party who should be joined in this action at this time

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Paul R. Rizzo, Esq.

Dated: MAY 23, 2012